UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WELLS FARGO BANK NA,**

          Plaintiff,

      -vs-                                    Case No. 12-C-271

**IVAN RENE MOORE,**
**RUFFTOWN ENTERTAINMENT GROUP, Inc.,**
**RADIO MULTI MEDIA, Inc., and**
**RENE MOORE MUSIC, Inc.,**

          Defendants.

## DECISION AND ORDER

Two motions are currently pending in this action. First, *pro se* defendant Ivan Rene Moore moves to stay proceedings for a period of time while he attempts to find a lawyer. The Court agrees with Wells Fargo that this is an insufficient reason to grant a stay.

Second, Wells Fargo moves for default judgment against Rufftown Entertainment Group, Radio Multi Media, and Rene Moore Music. Wells Fargo asserts that it is entitled to default judgment against these parties while this matter proceeds against Mr. Moore. The Court can enter final judgment as to "one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) judgments are generally disfavored because they allow for piecemeal appellate litigation. *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999). Ultimately, it is the moving party's burden to demonstrate that it will suffer

"unjust harm from the normal delay pending resolution of all claims in the case." *Gibson v. Am. Cyanamid Co.*, No. 07-C-864, 2010 WL 3062145, at *2 (E.D. Wis. Aug. 2, 2010). Wells Fargo did not attempt to meet this burden. Of course, Wells Fargo could get an immediate entry of final judgment by foregoing its claims against Mr. Moore, but that appears not to be Wells Fargo's preference.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Moore's motion to stay [ECF No. 24] is **DENIED**;

2. Wells Fargo's motion for default judgment [ECF No. 20] is **DENIED**;

3. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **April 30, 2013** at **11:00 am (CST)**. Please be available at that time. The Court will initiate the call.

4. The purpose of the conference call is to establish a scheduling order which will limit the time: to join other parties and to amend the pleadings; to file motions; and to complete discovery;

5. The scheduling order may also: modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; provide for the disclosure or discovery of electronically stored information; include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; the date or dates for conferences before trial, a final pretrial conference, and trial; and any other matters appropriate in the circumstances of the case.

-2-

Case 2:12-cv-00271-LA   Filed 03/01/13   Page 2 of 3   Document 50

6. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

7. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case.

8. The written report must include the telephone numbers where the parties can be reached for this call.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**