UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WELLS FARGO BANK NA,**

                Plaintiff and Counter-Defendant,

   -vs-                                                Case No. 12-C-271

**RUFFTOWN ENTERTAINMENT GROUP, Inc.,**
**RADIO MULTI MEDIA, Inc.,**
**RENE MOORE MUSIC, Inc.,**

                Defendants,

and

**IVAN RENE MOORE,**

                Defendant, Counter-Claimant and Third-Party Plaintiff,

   -vs-

**JERRALD JONES, KIMBERLEY MARTIN-BRAGG,**
**COURIER COMMUNICATIONS, SANDRA ROBINSON,**
**DAVE JANZER, HOMER BLOW McCARTER,**
**MARYELLEN STRONG, and DOES 1-25,**

                Third-Party Defendants.

## DECISION AND ORDER

In the complaint that initiated this action, Wells Fargo alleges that *pro se* defendant Ivan Rene Moore and his three corporate co-defendants variously executed, guaranteed and then defaulted on two sizeable promissory notes with principal amounts of $3,200,000 and $2,650,000. Moore's co-defendants never appeared in this action and are in default. With

respect to Moore, this matter was referred to Magistrate Judge Aaron Goodstein for mediation proceedings. After numerous settlement conferences (14 to be exact), the parties were unable to reach a resolution, and the case was returned to the undersigned for further proceedings. The Court then entered a pair of orders which denied Moore's motions to dismiss and to stay, denied Wells Fargo's motion for default judgment as premature, and directed the parties to meet and confer regarding a discovery plan in advance of a telephonic scheduling conference. ECF No. 48, February 14, 2013 Decision and Order; ECF No. 50, March 1, 2013 Decision and Order. Shortly thereafter, Moore filed an answer, a counterclaim against Wells Fargo, and a third-party complaint. Wells Fargo moves to dismiss the counterclaim. Because of the pending motion to dismiss and also the confusion generated by Moore's third-party complaint, the Court canceled the scheduling conference so it could issue a ruling that would clarify proceedings going forward.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint (or in this case, a counterclaim) must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Seventh Circuit has "interpreted the plausibility standard to mean that 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.' 'In other words, the court will ask itself *could* these things have happened, not *did* they happen.'" *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

Moore alleges that Wells Fargo "unconscionably amended" the notes pursuant to its "predatory and discriminatory lending practices." ECF No. 52, Counterclaim, ¶ 1. Moore further alleges that Wells Fargo "refused to honor the agreement" between himself and Wells Fargo's predecessor, Wachovia Bank, and "refused to provide . . . the funding necessary" to acquire radio stations, thus frustrating Moore's efforts to meet his contractual obligations. *Id.*, ¶¶ 15-16. Moore also alleges that Wells Fargo conspired with and directed the third-party defendants to forge certain documents "in their zeal to permanently deprive Defendant/Counterclaimant of his business properties and real property located in Wisconsin which is subject of this litigation." *Id.*, ¶ 18. These outlandish allegations are simply implausible. It makes little sense for Wells Fargo to hinder Moore's business opportunities, the result of which would only reduce Moore's ability to repay his debt. Moore appears to be a desperate man doing everything he can to forestall collection proceedings. The Court will not allow Moore to proceed to discovery under this pretext. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (before subjecting defendants to "paranoid pro se litigation .

-3-

Case 2:12-cv-00271-LA   Filed 05/08/13   Page 3 of 5   Document 60

. . alleging . . . a vast, encompassing conspiracy," the plaintiff must meet a "high standard of plausibility").

Moore's third-party complaint is a more elaborate recitation of his theory that Wells Fargo and the third-party defendants conspired to drive his business ventures into ruin. For the reasons already stated, the Court will exercise its inherent authority and *sua sponte* dismiss the third-party complaint. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . .") (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)). Moore's third-party complaint is not a proper impleader action in any event. *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) ("Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded") (discussing Fed. R. Civ. P. 14(a)(1)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Wells Fargo's motion to dismiss Moore's counterclaim [ECF No. 54] is **GRANTED**;

2. Moore's third-party complaint is **DISMISSED**;

3. Discovery and motion practice will proceed as follows:

-4-

  a. Exchange of initial disclosures: **June 10, 2013**

  b. Close of discovery: **July 30, 2013**

  c. Dispositive motions: **September 16, 2013**

4. The Court will set a status conference, if necessary, after it rules on dispositive motions.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2013.

           **BY THE COURT:**

           */s/ Rudolph T. Randa*
           **HON. RUDOLPH T. RANDA**
           **U.S. District Judge**