# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WELLS FARGO BANK, N.A.,**

Plaintiff,

**-vs-**

**RUFFTOWN ENTERTAINMENT GROUP, INC.**  **Case No. 12-C-271**
**RADIO MULTI MEDIA, INC.**
**RENE MOORE MUSIC, INC.,**
**and IVAN RENE MOORE,**

Defendants.

---

## DECISION AND ORDER

---

Wells Fargo Bank, N.A., alleges that *pro se* defendant Ivan Rene Moore and his three corporate co-defendants, Rufftown Entertainment Group Inc., Radio Multi Media Inc., and Rene Moore Music Inc., variously executed, guaranteed and then defaulted on two sizeable promissory notes with principal amounts of $3,200,000 and $2,650,000. On September 27, 2012, the Clerk of Court entered default against Moore's corporate co-defendants, who never appeared in this action. Wells Fargo now moves for summary judgment on counts I-IV in its complaint with the understanding that if this motion is granted, the remainder of its claims can be dismissed without prejudice.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record

as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003). When, as here, "the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it 'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)) (emphasis in original).

Moore's allegations that he is not a party to the contract at issue in this action and that Wells Fargo has modified or altered the agreements are still viewed by this Court as being completely unfounded and lacking merit. Wells Fargo does not argue or allege that Moore is a party to the Omnibus Amendment or other agreements that Moore signed on behalf of his corporate co-defendants. Instead, Wells Fargo's allegations stem from the Unconditional Guarantees that were signed by Moore on September 7, 2007 and January 8, 2008 respectively, which indicate that as a guarantor, Moore agreed to make the required loan payments if the borrowers default. The guarantees clearly indicate that Moore is a proper party in the current action and that Wells Fargo has a right to enforce the guarantees against Moore. Complaint, ¶ 18, Ex. F.

Moore also argues that an individual named Kimberly Martin-Bragg ("Martin-Bragg") is a necessary and indispensable party to this litigation because in her absence, Moore is subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). However, the guarantees state that the "parties to this Guaranty are jointly and severally

obligated with all other parties obligated for the Guaranteed Obligations," and further, that Wells Fargo has the right to pursue Moore before pursuing other potentially liable parties. Compl. Ex. F at 2, 3, and 9 (Guarantor waives and releases Bank from requirement to make demand upon other entities "prior to making demand upon, collecting from or taking action against Guarantor with respect to the Guaranteed Obligation . . ."). Nor does it matter, as Moore alleges, that Martin-Bragg retains an ownership interest in the above-captioned corporate entities. Wells Fargo is not attempting to pierce the corporate veil of those corporations in an effort to impose liability upon Ms. Martin-Bragg. Therefore, Martin-Bragg is not a necessary party to this action.[1]

Moore also alleges that Wells Fargo failed to respond to his discovery requests. On May 8, 2013, the Court ordered that discovery would close on July 30, 2013; however, neither Wells Fargo nor this Court received any discovery requests from Moore until eight months after the discovery closing date. Nor did the Court receive any request from Moore about re-opening discovery. The Court will not allow Moore's second request for discovery to preclude a ruling on summary judgment.

Therefore, the Court will direct the Clerk of Court to enter judgment against Moore in the total amount due and owing under the notes: **$3,873,652.90** for the First Note and **$3,232,384.38** for the Second Note, for a total of **$7,106,037.28**. Judgment will also be entered against Rufftown Entertainment Group Inc., Radio Multi Media Inc., and

---

[1] Moore also filed a "notice of automatic stay" in light of Martin-Bragg's recent Chapter 11 filing in the Central District of California. Absent unusual circumstances, Chapter 11's automatic stay provision is "available only to the debtor, not third party defendants or co-defendants." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986).

Rene Moore Music Inc.. In this respect, Wells Fargo's motion for default judgment against these entities, which the Court previously denied as premature, will now be granted. Moreover, the summary judgment record clearly demonstrates that these parties have defaulted under the notes and corresponding guarantees. Wells Fargo is further entitled to judgment on its claims for replevin (Count III) and foreclosure (Count IV).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Moore's motion to dismiss for failure to join a necessary and indispensable party [ECF No. 88] is **DENIED**;

2. Wells Fargo's motion for a protective order [ECF No. 85] is **GRANTED**;

3. Wells Fargo's motion for a default judgment against Rufftown Entertainment Group Inc., Radio Multi Media Inc., and Rene Moore Music Inc. [ECF No. 20] is **GRANTED**; and

4. Wells Fargo's motion for summary judgment [ECF No. 75] on claims I-IV is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2014.

                  **BY THE COURT:**

                  **HON. RUDOLPH T. RANDA**
                  **U.S. District Judge**